IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**RICHARD LEROY BILTON,**

      **Plaintiff,**

v.                                                         No. CIV-13-0201 LAM

**CAROLYN W. COLVIN,** Acting Commissioner
of the Social Security Administration,

      **Defendant.**

# MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's *Motion to Reverse or Remand Administrative Agency Decision (Doc. 17)* and memorandum in support [*Doc. 18*], both filed November 21, 2013 (hereinafter, collectively, "motion"). In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case. *See* [*Docs. 4 and 7*]. On January 21, 2014, Defendant filed a response to Plaintiff's motion to reverse or remand [*Doc. 19*], and, on January 31, 2014, Defendant filed a reply [*Doc. 20*]. The Court has considered Plaintiff's motion, Defendant's response, Plaintiff's reply, and the relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. [*Doc. 12*]. For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED** and the decision of the Commissioner of the Social Security (hereinafter "Commissioner") should be **REMANDED**.

# I.   Procedural History

On June 4, 2010, Plaintiff filed applications for Disability Insurance Benefits (hereinafter "DIB") and Supplemental Security Income (hereinafter "SSI"), alleging that he became disabled on December 1, 1998.  [*Doc. 12-7* at 2-10 and 11-18].  Plaintiff stated that he became disabled due to: partial blindness, mental illness, sciatica, and a bulging disc.  [*Doc. 12-8* at 25].  The respective applications were denied at the initial level on September 15, 2010 (*Doc. 12-6* at 5-8 and 9-12), and at the reconsideration level on January 13, 2011 (*id.* at 18-19 and 20-21).  Pursuant to Plaintiff's request (*id.* at 22-24), Administrative Law Judge Augustus Martin (hereinafter "ALJ") conducted a hearing on August 24, 2011.  [*Doc. 12-4* at 2-35].  At the hearing, Plaintiff was present, was represented by counsel and testified (*id.* at 4, 7-30, and 32-33), and Vocational Expert (hereinafter "VE"), Arthur Schmidt, was also present and testified (*id.* at 4, 30-32, and 33-34).

On September 21, 2011, the ALJ issued his decision, finding that under the relevant sections of the Social Security Act, Plaintiff was not disabled.  [*Doc. 12-3* at 26-43].  Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 19-20), and, on December 31, 2012, the Appeals Council denied Plaintiff's request for review (*id.* at 2-7), which made the ALJ's decision the final decision of the Commissioner.  On March 1, 2013, Plaintiff filed his complaint in this case.  [*Doc. 1*].

# II.   Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of*

*Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)).  If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief.  *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.  *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted).  An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted).  While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## **III. Applicable Law and Sequential Evaluation Process**

For purposes of DIB and SSI, a person establishes a disability when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a). In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant has the burden to show that: (1) the claimant is not engaged in "substantial gainful activity;" and (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) the claimant's impairment(s) either meet(s) or equal(s) one of the "Listings" of presumptively disabling impairments; or (4) the claimant is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity (hereinafter "RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## IV.   Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Plaintiff was born on November 5, 1964.  [*Doc. 12-7* at 2].  Plaintiff has held the following jobs: handyman and welder/fitter.  [*Doc. 12-8* at 26].  Plaintiff alleges that he is unable to work because of partial blindness, mental illness, sciatica, and a bulging disc.  *Id.* at 25.  Plaintiff's records include a Consultative Examination by Temisan L. Etikerentse, M.D., dated July 30, 2010 (*Doc. 12-11* at 2-4); two Physical Residual Functional Capacity Assessments, one by Jean Smolka, M.D., dated August 19, 2010 (*id.* at 7-14), and one by Tom Brown, M.D., dated January 12, 2011 (*Doc. 12-13* at 56-63); two Psychiatric Review Techniques, one by Camilla Tezza, Ph.D., dated September 14, 2010 (*Doc. 12-11* at 37-50), and one by Lisa Clausen, Ph.D., dated January 6, 2011 (*Doc. 12-13* at 42-55); and two Mental Residual Functional Capacity Assessments, one by Camilla Tezza, Ph.D., dated September 14, 2010 (*Doc. 12-11* at 51-54), and one by Lisa Clausen, Ph.D., dated December 10, 2010 (*Doc. 12-13* at 38-41).  Where relevant, Plaintiff's medical records are discussed in more detail below.

At step one of the five-step evaluation process the ALJ found that Plaintiff had not engaged in substantial gainful activity since Plaintiff's alleged disability onset date of December 1, 1998.  [*Doc. 12-3* at 28].  At step two, the ALJ found that Plaintiff has the following severe medically determinable impairments: "back disorder; degenerative joint disease; and depression."  *Id.* at 29.  At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404, Subpt. P, Appx. 1   (20 C.F.R. §§ 404.1520(d),   404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  *Id.* at 29-31.

Before step four, the ALJ determined that Plaintiff has the RFC to perform light work.  *Id.* at 31.  Specifically, the ALJ found that Plaintiff "can lift and carry up to 20 pounds occasionally and 10 pounds frequently and stand, walk, and sit for 6 hours each in an 8-hour work day," and that Plaintiff "can perform postural movements occasionally," "must avoid concentrated exposure to respiratory irritants," and "is limited to simple, repetitive work tasks in a setting that does require ongoing interaction with the public."  *Id.* at 31.  In support of the RFC finding, the ALJ stated that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment."  *Id.* at 36.  At step four, the ALJ found that Plaintiff was unable to perform any past relevant work, so the ALJ proceeded to the fifth step.  *Id.* at 37.

At the fifth and final step, the ALJ noted that Plaintiff was born on November 5, 1964, so he was 34 years old at the time of his alleged disability onset date, which is defined as a younger individual between the ages of 18-49.  *Id.*   The ALJ noted that Plaintiff has at least a high school education, and is able to communicate in English.  *Id.*   The ALJ stated that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled,' whether or not [Plaintiff] has transferable job skills."  *Id.* (citing Soc. Sec. Rep. 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).  The ALJ found that, considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform.  [*Doc. 12-3* at 37].  The ALJ stated that he asked the VE "whether jobs exist in the national economy for an individual with [Plaintiff's] age, education, work experience, and [RFC]," and the

VE testified that such an individual would be able to perform the following requirements of representative occupations: bench assembler, coupon recycler, and lacer. *Id.* at 38. The ALJ stated that "the [VE's] testimony is consistent with the information contained in the Dictionary of Occupational Titles." *Id.* The ALJ concluded that "[Plaintiff] is capable of making a successful adjustment to work that exists in significant numbers in the national economy." *Id.* The ALJ, therefore, determined that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.*

## V.   Analysis

Plaintiff makes the following arguments in his motion to reverse or remand: (1) that the Appeals Council erred in determining that medical evidence submitted to the council by Plaintiff did not constitute new, material, and chronologically pertinent evidence (*Doc. 18* at 12-19); (2) that the ALJ ignored certain findings from Camilla Tezza, Ph.D. and Lisa Clausen, Ph.D. in violation of SSR 96-6p (*id.* at 19-20); (3) that the ALJ's RFC and Step 5 findings are not supported by substantial evidence (*id.* at 21); and (4) that the ALJ's credibility determination is unsupported by substantial evidence and is legally deficient (*id.* at 22-25). Defendant argues that substantial evidence supports the Commissioner's decision that Plaintiff was not entitled to DIB and SSI, that the Appeals Council properly considered the new evidence presented by Plaintiff, that the ALJ properly considered the opinions of Drs. Tezza and Clausen, and that the ALJ properly discounted Plaintiff's allegations of disability. [*Doc. 19* at 3-9].

### A.   The Appeals Council's Consideration of New Evidence

Plaintiff contends that the Appeals Council erred by failing to consider evidence he submitted to it after the ALJ's decision, specifically: (1) a medical source statement by Steven Rawe, M.D., dated November 5, 2012, and submitted to the Appeals Council on November 13, 2012 (*Doc. 18-1*) (2) a medical source statement by Mark Evanko, M.D., dated August 23, 2012, and submitted to the Appeals Council that same day (*Doc. 18-2*); and (3) medical records from First Choice Los Lunas dated November 10, 2011 through July 18, 2012, and submitted to the Appeals Council on August 20, 2012 (*Doc. 18-3*).  *See* [*Doc. 18* at 12].  Plaintiff contends that this evidence is not duplicative or cumulative, is material to the determination of Plaintiff's disability, and relates to a period of time before the date of the ALJ's decision.  *Id.* at 13-18.  Therefore, Plaintiff contends that the Appeals Council should have properly considered the additional evidence.  *Id.* at 18-19.

In response, Defendant contends that the Appeals Council did not err in finding that the evidence, which was submitted almost a year after the ALJ's decision, did not relate to a period of time on or prior to the ALJ's decision.  [*Doc. 19* at 4].  Significantly, the Court notes that Defendant does not contend that the additional evidence is not "new."  Defendant contends that the opinions of Drs. Rawe and Evanko are not substantial evidence because their opinions are submitted on forms, Dr. Rawe's opinion was not based on a current examination or tests, and Dr. Evanko's opinion was based solely on Plaintiff's medical history.  *Id.* at 5-6.

Additional evidence should be considered by the Appeals Council if it is new, material, and relates to the period on or before the ALJ's decision.   20 C.F.R. §§ 404.970(b) and 416.1470(b).

Evidence is new "if it is not duplicative or cumulative," and it is material "if there is a reasonable possibility that it would have changed the outcome." *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (citations and internal quotation marks and brackets omitted). Here, in the section of its "Notice of Appeals Council Action" titled "What We Considered," the Appeals Council stated that they looked at the November 5, 2012 medical assessment from Dr. Rawe, the August 23, 2012 work assessment from Dr. Evanko, and treatment records from First Choice Los Lunas dated November 10, 2011 to July 18, 2012. [*Doc. 12-3* at 2-3]. The Appeals Council stated that, because the ALJ's decision was dated September 21, 2011, "[t]his new information is about a later time," and "[t]herefore, it does not affect the decision about whether [Plaintiff was] disabled beginning on or before September 21, 2011."[1]  *Id.*  The Appeals Council further stated that it was returning the evidence to Plaintiff, and did not make it part of the record. *Id.* In *Padilla v. Colvin*, No. 12-2097, 525 Fed. Appx. 710, 712, 2013 WL 1908910 (10th Cir. May 9, 2013) (unpublished), the Tenth Circuit explained that, even when the Appeals Council accepted additional evidence into the record, and suggested that it considered the additional evidence by stating under the "What We Considered" section that the additional evidence did not provide a basis for changing the ALJ's decision, the Appeals Council did not actually consider the additional evidence, because "the Appeals Council's dismissal of the additional evidence's import on the grounds that it was not temporally relevant indicates that it ultimately found [that] the evidence did not qualify for consideration at all." *Id.*  The Tenth Circuit found that "[t]his case

---

[1] The Court does not know why the Appeals Council stated that the additional evidence does not affect the decision about whether Plaintiff was disabled beginning on or before September 21, 2011, which is the date of the ALJ's decision, when the question before the ALJ was whether Plaintiff was disabled on or before his alleged onset date of December 1, 1998. This appears to be a typographical error and, regardless, does not affect the Court's analysis below.

therefore boils down to whether the Appeals Council should have considered the additional evidence." *Id.*   Following this explanation by the Tenth Circuit, the Court finds that the additional evidence was not considered by the Appeals Council, despite its inclusion in the section titled "What We Considered," because the Appeals Council found that the evidence was not temporally relevant and did not include the evidence in the record.  Therefore, the Court must determine whether the Appeals Council should have considered the additional evidence.

First, the Court finds that the evidence is new because it is not cumulative or duplicative of any other evidence in the record and the evidence contains more restrictive findings than what was before the ALJ, and Defendant does not argue to the contrary.  Dr. Rawe opined that Plaintiff must periodically alternate sitting and standing, is limited as to push/pull in the upper extremities, cannot engage in handling or fingering with the left hand, has limited reaching in all directions, including overhead, and cannot maintain physical effort for long periods of time because of pain and fatigue.  [*Doc. 18-1* at 2].[2]   Dr. Evanko opined that Plaintiff can occasionally and frequently lift/carry less than five pounds, stand less than 2 hours in an 8-hour working day, sit less than 4 hours in an 8-hour working day, is limited as to push/pull in the upper and lower extremities, has limited reaching in all directions, cannot maintain physical effort for long periods of time because of pain and fatigue, and that non-physical activities are affected by symptoms like pain, fatigue, sleep disturbances, neurocognitive and mental problems.  [*Doc. 18-2* at 2-3].  None of these limitations are reflected in the ALJ's discussion of the evidence supporting his RFC determination, nor are they reflected in the ALJ's RFC determination.  *See* [*Doc. 12-3* at 31 and 33-36].  In

---

[2] The Court notes that Dr. Rawe's opinion at Document 18-1 at 2 is very difficult to read.  However, Plaintiff attached a blank copy of the form used by Dr. Rawe that is much more legible and helped the Court determine what Dr. Rawe's findings were.  *See* [*Doc. 18-1* at 3].

addition, the medical records from First Choice show that Plaintiff continued to experience pain, including back pain, after his May 2011 surgery (*see Doc. 18-3* at 3-12), which contradicts the ALJ's finding that Plaintiff's low back pain improved after the surgery (*Doc. 12-3* at 34). The Court, therefore, finds that the additional evidence is new because it is not duplicative or cumulative.

Next, the Court must determine whether the evidence is material. Defendant contends that the evidence is not material because the form opinions of Drs. Rawe and Evanko do not constitute substantial evidence, Dr. Rawe's opinion was not based on a current examination or tests, and Dr. Evanko's opinion was based solely on Plaintiff's medical history and Plaintiff does not show that Dr. Evanko was a treating physician. [*Doc. 19* at 5]. The Tenth Circuit held in *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008), check-box forms from a treating physician, as compared to a non-treating doctor, cannot be discounted merely because they are check-box forms, where the treating physician "made notes or circled the medical terms for [the doctor's] findings on [the doctor's] own medical form clearly set up to record the results of a thorough physical examination [and] it was not the agency's checklist RFC form." Here, the record indicates that Dr. Rawe was a treating physician because he treated Plaintiff between May and August 2011. *See* [*Doc. 12-15* at 18-23 and 34-47]; *see also*, notation on [*Doc. 18-3* at 2] ("Last office visit Aug. 2011"). While the form filled out by Dr. Rawe is similar, if not identical, to the agency's RFC form, Dr. Rawe made notes on the form of his medical findings. *See* [*Doc. 18-1* at 2]. With regard to Defendant's contention that Dr. Rawe's opinion is not material because he had not examined Plaintiff since August 2011, the Court finds that, while this gap in time

between Dr. Rawe's examination and the form he filled out may require that the opinion is given lesser weight by the Appeals Council or the ALJ on remand, Defendant provides no support for a finding that this gap in time renders the opinion immaterial.  *See, e.g., Andersen v. Astrue*, No. 05-4305, 319 Fed. Appx. 712, 722, 2009 WL 886237 (10th Cir. April 3, 2009) (unpublished) (holding that "the ALJ's rejection of [treating source] opinions based on their timing is insufficient," and explaining that "the ALJ could make inferences about the progression of [the claimant]'s impairment" from those records).  For these reasons, Dr. Rawe's opinion at Document 18-1 may be entitled to some weight by the Appeals Council or the ALJ on remand.  In addition, as stated above, the opinion contains more restrictive findings than the ALJ included in his RFC.  Therefore, the Court finds that Dr. Rawe's opinion is material because there is a reasonable possibility that Dr. Rawe's opinion would have changed the outcome of Plaintiff's case.

With regard to Dr. Evanko's opinion, while Plaintiff indicates in his motion to reverse or remand that Dr. Evanko was a treating physician (*see Doc. 18* at 15), Plaintiff does not make this contention in his reply brief (*see Doc. 20*), nor does he cite to any evidence to the record demonstrating that Dr. Evanko ever examined Plaintiff.  *See also* [*Doc. 18* at 17] (while calling Dr. Evanko "[t]reating Dr. Evanko," Plaintiff states that Dr. Evanko's opinion was made "upon review of the records").  Upon the Court's examination of the record, the Court finds no evidence that Dr. Evanko treated Plaintiff.  In addition, Dr. Evanko's opinion is submitted on a form that does not include notes of his findings, and does not indicate that it reflects the results of any physical examination of Plaintiff.  For these reasons, the Court finds that the additional evidence

from Dr. Evanko is not substantial evidence. *See Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987) (finding that "evaluation forms, standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence" for non-treating physicians) (citations omitted). This opinion, therefore, is unlikely to change the outcome of Plaintiff's case, so the Court finds that Dr. Evanko's opinion at Document 18-2 is not material and the Appeals Council did not err in not considering it.

With regard to the medical records submitted at Document 18-3, the Court notes that Defendants do not contend that these records are immaterial. These records show that Plaintiff continued to experience pain, including back pain, after his May 2011 surgery (*see Doc. 18-3* at 3-12), which contradicts the ALJ's finding that Plaintiff's low back pain improved after the surgery (*Doc. 12-3* at 34). Although this finding by the ALJ was based on medical records from Dr. Rawe's office (*Doc. 12-15* at 25 and 26), the ALJ ignored follow-up records in August 2011 (*Doc. 12-15* at 27) showing that Plaintiff still had back pain, which is supported by the records at Document 18-3. Therefore, the Court finds that there is a reasonable possibility that these records would have changed the outcome of Plaintiff's case, so these records are material.

Finally, the Court considers whether the additional evidence that is both new and material (*i.e.*, Dr. Rawe's opinion and the records from First Choice Los Lunas), relates to the time period on or before the ALJ's decision. Defendant contends that this evidence does not relate to the relevant time period because it was submitted to the Appeals Council more than a year after the ALJ's September 21, 2011 decision and only related to current treatment or attempted to establish Plaintiff's then-current limitations. [*Doc. 19* at 4-5]. This case is similar to another case that

was recently before the Court.  In *Padilla v. Colvin*, D.N.M. Case No. 10-1234, LAM/SMV (Document 25 at 20-22), the Court found that the Appeals Council did not err in failing to consider a psychological/vocational examination of the claimant that took place after the ALJ's decision, and stated that it reflected the doctor's assessment of the claimant's current status, because the Court found that the evidence did not relate to the period on or before the date of the ALJ's decision.  On appeal, however, the Tenth Circuit held that the evidence was temporally relevant because "the psychological report corroborates an anxiety diagnosis reported by [the claimant]'s treating doctor, Dr. Evans, prior to the hearing, as well as [the claimant]'s hearing testimony," and the "intellectual functioning evaluation relates to and augments Dr. Evans' earlier report that [the claimant] could not read or write."  *Padilla*, 525 Fed. Appx. at 713.  The Tenth Circuit further held that the audiological report was temporally relevant because the claimant "testified about his hearing loss during the hearing before the ALJ."  *Id.*  Therefore, the Tenth Circuit found that "[t]he additional evidence thus relates to the time period before the ALJ's decision," and "the Appeals Council should have considered the additional evidence in order to properly determine whether the ALJ's decision was supported by substantial evidence."  *Id.*

Here, Dr. Rawe's opinion and the evidence from First Choice Los Lunas relates to and corroborates evidence in the record regarding Plaintiff's limitations.  For example, Dr. Rawe's opinions that that Plaintiff must periodically alternate sitting and standing, and cannot maintain physical effort for long periods of time because of pain and fatigue (*Doc. 18-1* at 2), and the records from First Choice that indicate Plaintiff is still experiencing back pain (*Doc. 18-3*), relate to and corroborate evidence in the record regarding Plaintiff's complaints of pain (*see, e.g.*,

*Doc. 12-15* at 27 (examination of Plaintiff at Charleston Neurosurgical Associates on August 4, 2011, three months after Plaintiff's surgery, stating that Plaintiff's "main complaint is low back pain with pain down the left leg") and *id.* at 28-29 (MRI results also dated August 4, 2011, stating that Plaintiff has narrowing of disc space "consistent with degenerative changes")). This additional evidence also corroborates Plaintiff's hearing testimony that he continues to have chronic lower back pain (even after his surgery), and has neck pain, tremors in his hands, feet and legs, and has to stop to sit or lie down when walking. *See* [*Doc. 12-4* at 13]. For these reasons, the Court finds that the additional evidence from Dr. Rawe and First Choice Los Lunas (*Docs. 18-1* and *18-3*) relates to the time period on or before the ALJ's decision because it corroborates or is related to other evidence in the record, pursuant to the holding in *Padilla*, 525 Fed. Appx. 710.

Because the additional evidence from Dr. Rawe and First Choice Los Lunas (*Docs. 18-1* and *18-3*) is new, material, and chronologically pertinent, the Appeals Council should have considered it in order to properly determine whether the ALJ's decision was supported by substantial evidence. *See Padilla*, 525 Fed. Appx. at 713. The Court, therefore, finds that this case should be remanded for further consideration of the additional evidence consistent with this opinion.

Because the Court has found that this case should be remanded so that the Commissioner can further develop the record regarding Plaintiff's limitations, Plaintiff's RFC may be amended on remand, which may affect Plaintiff's remaining claims regarding the ALJ's consideration of the findings of Drs. Tezza and Clausen, the ALJ's RFC and Step 5 findings, and the ALJ's credibility

determination.  Accordingly, the Court finds that it is unnecessary to reach Plaintiff's remaining claims because they may be affected by the ALJ's findings on remand.  *See Robinson v. Barnhart*, 366 F.3d 1078, 1085 (10th Cir. 2004) (declining to reach the claimant's step-five claims because they may be affected by the ALJ's resolution of the case on remand) and *Lopez v. Astrue*, No. 09-2187, 371 Fed. Appx. 887, 889 and 892 n.6, 2010 WL 1172610 (10th Cir. March 29, 2010) (unpublished) (after finding that the ALJ erred by failing to articulate what weight she gave to the treating physicians' opinions, the Tenth Circuit declined to reach claims regarding the ALJ's reliance on the VE's testimony, the ALJ's credibility assessment, and the claimant's subjective complaints of pain, because those issues may be affected by the ALJ's treatment of the case on remand) (citing *Robinson*, 366 F.3d at 1085).

## VI.   Conclusion

For the reasons stated above, the Court **FINDS** that the Commissioner's decision should be remanded to properly consider the additional evidence submitted to the Appeals Council as set forth above.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Reverse or Remand Administrative Agency Decision (Doc. 17)* is **GRANTED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.  A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

*Lourdes a. Martinez*
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**